19-59-pr
*Horace v. Gibbs*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

PRESENT:
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
      *Circuit Judges*,
    KATHERINE POLK FAILLA,
      *District Judge.*\*

---

JOHN L. HORACE,

    *Plaintiff-Appellant*,

   v.                 19-59-pr

KEVIN GIBBS, Field Parole Officer; DAWN ANDERSON, Senior Parole Officer,

    *Defendants-Appellees*,

Monalto, Parole Polygrapher, New York State Division of Parole, City of Rochester,

    *Defendants.*

---

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**        John L. Horace, *pro se*, Marcy, NY.

**FOR DEFENDANTS-APPELLEES:**        Barbara D. Understood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Allyson B. Levine, Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*; Hugh B. Scott, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

Appellant John L. Horace ("Horace"), *pro se*, sued Appellees Kevin Gibbs ("Gibbs") and Dawn Anderson ("Anderson") (jointly, "Defendants"), both New York State parole officers, under 42 U.S.C. § 1983, alleging that they handcuffed him too tightly while arresting him for a parole violation and were deliberately indifferent to his serious medical needs. The District Court granted Defendants' motion to dismiss the deliberate indifference claim, but allowed the excessive force claim to proceed. After discovery, the District Court adopted the magistrate judge's recommendation and granted Defendants' motion for summary judgment on the excessive force claim. The District Court adopted in full the magistrate judge's decision that Horace could not prevail on the claim as a matter of law because the evidence demonstrated that his wrist injuries were minor and temporary. This appeal followed. Horace also moved in this Court for "money damages." We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.

We review grants of motions to dismiss and for summary judgment *de novo*. *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (motion to dismiss), *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (summary judgment). In reviewing a district court's dismissal of a claim pursuant to Rule 12(b)(6), we construe the complaint "liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In reviewing a district court's order granting summary judgment, we determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

## II.

To state a constitutional claim of inadequate medical care, a prisoner must allege that a defendant was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994). A post-conviction-prisoner's deliberate indifference claim is analyzed under the Eighth Amendment while the same claim raised by a pretrial detainee is analyzed under the Due Process Clause of the Fourteenth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Horace was a parolee, and we have not addressed where parolees fall on the continuum. The District Court concluded that the Fourteenth Amendment applied to Horace's claim. We need not decide which Amendment applies to this claim, however, because Horace has failed to state a claim under the standard imposed by either Eighth or Fourteenth Amendments.

This standard requires that plaintiffs satisfy what are commonly referred to as the "objective and subjective prongs." For both the Eighth and Fourteenth Amendments, the objective prong poses the same standard. *Darnell*, 849 F.3d at 32. Under the objective prong, the plaintiff must show that the alleged deprivation of medical care was "sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (internal quotation marks omitted). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Darnell*, 849 F.3d at 30. Relevant factors include "whether a reasonable doctor or patient would find [it] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (internal quotation marks and citations omitted).

The Eighth and Fourteenth Amendments, however, embrace different definitions of the "subjective" or "mens rea prong." *Darnell*, 849 F.3d at 35. The mens rea prong under the Eighth Amendment requires that the defendant official acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin*, 467 F.3d at 280. Under the Fourteenth Amendment, an official does not act in a deliberately indifferent manner toward an arrestee unless the official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official *knew, or should have known*, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35 (emphasis added).

Horace alleged that Gibbs and Anderson were deliberately indifferent to: (1) his low blood sugar and/or high blood pressure; (2) the swelling and cuts he experienced due to the tightness of the handcuffs; and (3) the back and knee pain he experienced from sitting in an uncomfortable

3

position in the parole car. We agree with the District Court's conclusion that these conditions are not sufficiently serious to meet the objective prong. *See, e.g.*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (condition must be a "condition of urgency, one that may produce death, degeneration, or extreme pain").

Even if the conditions were sufficiently serious, we also agree with the District Court that Horace failed to allege that prison officials were deliberately indifferent to his medical needs, as that prong is defined under either Amendment. To the contrary, Horace admits that Defendants attended to his alleged medical conditions. Horace alleged that he was "examined and treated" for "injuries, pain, aches, diabetes" and "pain in his back and knees," *Record on Appeal ("ROA")* doc. 1 at 3, and further alleged that shortly after he was arrested he was "given insulin for his low blood sugar and kept in the Nurses' Office under observation." *Id.* at 6. Accordingly, the District Court did not err in dismissing the deliberate indifference claim. *See Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011) (plaintiff's wrist was broken due to the misuse of handcuffs, but his deliberate indifference claim failed because he received a cast, and there was "no indication . . . that any medical provider recommended treatment different from the treatment that [Plaintiff] was afforded").

III.

We disagree, however, with the District Court's resolution of the excessive force claim. In recommending that the District Court grant Defendants' motion for summary judgment, the magistrate judge identified a three-part test that was then widely used among the district courts, under which courts would consider whether the handcuffs were unreasonably tight; whether the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and the degree of injury to the wrists.[1] The magistrate judge then recommended granting summary judgment for the defendants because there was "a consensus" among district courts "that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort and bruising," *ROA* doc. 89 at 6–7, and Horace was "unable to establish any triable issue of fact regarding injuries stemming from the handcuffing[.]" *Id.* at 9. In other words, the magistrate judge relied on one factor—the absence of injury— and did not discuss the other factors, *i.e.*, whether the handcuffs were unreasonably tight under the circumstances and whether the defendants ignored the plaintiff's

---

[1] In *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Supreme Court held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment[.]" *Soares v. State of Conn.*, 8 F.3d 917, 921 (2d Cir. 1993) (citing *Graham*). Because Horace raised an excessive force claim against the parole officers who arrested him while he was a "free citizen," the District Court correctly analyzed his claim as arising under the Fourth rather than the Eighth Amendment.

4

complaints. The District Court then accepted the report and recommendation in its entirety, "including the authorities cited and the reasons given therein." ROA doc. 95 (Text Order).

After judgment was entered and while this appeal was pending, this Court decided *Cugini v. City of New York*, 941 F.3d 604 (2d Cir. 2019). In that case, we discussed the very three-factor test that the magistrate judge employed here, and explained that, although the factors may "prove useful to a district court in assessing the soundness of a handcuff-based excessive force claim," no one factor is dispositive, and the test is ultimately one of reasonableness that "is not limited to a factual checklist." *Id.* at 613. Rather, courts must be guided by "a careful balance between the nature and quality of the intrusion and the countervailing government interests at stake under the circumstances." *Id.* (internal quotation marks and citation omitted). We continued:

> The question is . . . whether an officer reasonably should have known during handcuffing that his use of force was excessive. *A plaintiff satisfies this requirement if either the unreasonableness of the force used was apparent under the circumstances, or the plaintiff signaled her distress, verbally or otherwise, such that a reasonable officer would have been aware of her pain, or both.*

*Id.* (emphasis added).

Here, the District Court, having adopted completely the magistrate's recommendation, erred by treating one factor—the absence of serious injury—as dispositive, without considering other factors such as the reasonableness of tight handcuffs under the circumstances, and whether the defendants ignored the plaintiff's complaints. And on those factors, there was room for dispute. Horace was a parolee, and his underlying crimes—rape and sexual assault—were serious. The arrest that gave rise to the current dispute, however, was for violating his parole by driving a car, having sex with women other than his wife, and using an herbal supplement for "male enhancement," which he was prohibited from using. There was room for doubt as to whether Horace posed a safety threat, immediate or otherwise, to the parole officers such that tight handcuffing was necessary, and although there was evidence that Horace once attempted to flee the country while out on bail on pending charges, there was no indication that during the arrest giving rise to this claim he resisted arrest or attempted to evade arrest by flight. On the contrary, there was record evidence that Horace cooperated and was compliant. *See Cugini*, 941 F.3d at 609 (explaining that courts should examine "the severity of the crime" and "whether the suspect poses a safety or flight risk or resists arrest" when determining whether force is excessive).

There was also a significant dispute of fact as to whether Horace complained that the handcuffs were too tight. The Defendants submitted declarations averring that Horace never

complained. But Horace testified as his deposition that he repeatedly complained to the defendants that the handcuffs were too tight and that Defendants refused to loosen them despite his request.

## CONCLUSION

We have considered all of Horace's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the District Court's dismissal of Horace's deliberate indifference claim, **VACATE** the District Court's dismissal of the excessive force claim, and **REMAND** the cause to the District Court for consideration of the other factors identified in *Cugini*. Remand will also provide the District Court an opportunity to determine whether the Defendants are entitled to qualified immunity. *See generally Mullenix v. Luna*, 136 S. Ct. 305 (2015) (discussing qualified immunity in relation to an excessive force claim under the Fourth Amendment).

In addition, Horace's motion for "money damages" is **DENIED**. Each party shall bear their own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court